# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD FREHAFER,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL ACTION NO. 3:16-CV-0046** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PA DEPARTMENT OF** : | |
| **CORRECTIONS,** *et al.,* : | |
| : | |
| Respondents : | |

# M E M O R A N D U M

## I.  Introduction

Presently before the Court is Mr. Frehafer's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenging his convictions for various sex offenses in the Court of Common Pleas of Northumberland County. (ECF No. 1, Pet.) He seeks relief on the basis of his trial counsel's alleged ineffectiveness and claims that he was unable to file a timely Post Conviction Relief Act (PCRA) petition due to his placement in a Restricted Housing Unit within the Pennsylvania Department of Corrections where he had limited access to legal research materials. Respondent alleges that Mr. Frehafer's petition is untimely filed without exception. (ECF No. 14, Response.) Mr. Fehafer did not file a Reply in support of his Petition.

For the reasons that follow, the Petition will be denied. No certificate of appealability will be issued.

## II.     Background

On May 21, 2009, following a jury trial, Petitioner Richard Frehafer was found guilty of Rape, Sexual Assault, Aggravated Indecent Assault without Consent, Indecent Assault by Forcible Compulsion, Unlawful Restraint and False Imprisonment in the Court of Common Pleas of Northumberland County. *See Commonwealth v. Frehafer*, CP-49-CR-0001217-2007 (Northumberland Cty. Ct. Com. Pls.), Docket Sheet.[1]  On October 5, 2009, the trial court sentenced Mr. Frehafer to an aggregate term of seven to fifteen years' incarceration and a consecutive two-year probationary term.  Mr. Frehafer did not file a direct appeal.

On November 28, 2012, Mr. Frehafer filed a *pro se* petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. §§ 9541, *et seq.*  Mr. Frehafer was appointed counsel and the PCRA court held a hearing on July 1, 2013.  The PCRA court reserved ruling on the Commonwealth's assertion that the Petition was untimely and proceeded to take testimony from Mr. Frehafer and his witnesses.  *See Commonwealth v. Fehafer*, No. 1650 MDA 2013, 2014 WL 10965089 (Pa. Super. Mar. 12, 2014).  "On August 9. 2013, the PCRA court ruled that it lacked jurisdiction to consider [Mr. Frehafer's] substantive claims because [his] petition was untimely, and he did not establish any exception to the PCRA's time bar," i.e. they found there was no government interference and no newly discovered fact. (*Id*., p. 21.)    Mr. Frehafer appealed the decision to the Superior Court of Pennsylvania.

---

[1] The Court takes judicial notice of the electronic docket sheet in Mr. Frehafer's criminal matter which is available via Pennsylvania's Unified Judicial Docket System  at: https://ujsportal.pacourts.us (last visited Jan. 31, 2018).

In his appeal, Mr. Frehafer argued that:

> [h]e 'fits under the exception to the jurisdictional time bar pursuant to 42 Pa. C.S.A.§ 9545(b)(1)(i) [and/or] (b)(1)(ii) due to the failure of the government to provide legal services to incarcerated individuals and because he was unaware that a lawyer who fails to use character evidence can be deemed ineffective and that a Prosecutor's comments can be deemed to constitute reversible error.'

(ECF No. 2-1, p. 23, citing Pet.'s PCRA Appellate Br.) On March 12, 2014, the Superior Court of Pennsylvania affirmed the PCRA court's order denying Mr. Frehafer post-conviction relief. (*Id*., pp. 20 – 25.) The appellate court affirmed that Mr. Frehafer's "PCRA [Petition] is [was] patently untimely, and [he] [did] not [meet] his burden of establishing an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to address the substantive claims raised by [Mr. Frehafer]." (*Id*., p. 25.) Petitioner did not appeal this decision.

Pursuant to the mailbox rule,[2] Mr. Frehafer's Petition was filed on December 8, 2015. (ECF No. 1, Pet.) When addressing the timeliness of his Petition, Mr. Frehafer argues that:

> Whenever a Defendant has a valid challenge thereto sounds in legality of a sentence and is therefore on-waivable. Mr. Frehafer has legal and real challenges when it comes to the Constitutionality of his sentence, therefore there is no time bar and his issues are non-waivable.

---

[2] The "prisoner mailbox rule" dictates that the filings of *pro* se prisoners are deemed filed on the date deposited in the prison mailbox or given to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

(*Id.*, p. 13.) Respondents filed a Response to the Petition on May 25, 2016 asserting, *inter alia*, that the Petition was time barred. (ECF No. 14, Response.) Mr. Frehafer did not file a Reply in support of his Petition.

**III.    Discussion**

    **A.    Relevant Law**

A habeas petition must be filed in a timely manner. Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), creates a one-year time limit for filing a habeas corpus petition challenging a state-court judgment. *See* 28 U.S.C. § 2244(d)(1). Absent a state-created impediment to filing or the development of new constitutional rights or discoverable facts, the limitations period runs from the "date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A notice of appeal to seek review by the Superior Court of Pennsylvania must be filed within thirty days from the entry of the sentencing order. *See* 42 PA. CON. STAT. § 9545(b)(3); Pa. R. Crim. P. 720(A)(3). If no post-sentence motions are filed, the defendant's judgment becomes final thirty days from the date of sentencing.

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly fled application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending …" *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2). A properly filed state petition

"is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)").

A petitioner is entitled to equitable tolling if he can demonstrate that he has diligently pursued his rights and that an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). The diligence required for equitable tolling is reasonable diligence, not maximum, extreme or exceptional diligence. *Holland*, 560 U.S. at 2565, 130 S.Ct. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period the appellant is exhausting state court remedies as well." *Lacava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)).

An equitable tolling determination is made on a case-by-case basis. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). Extraordinary circumstances warranting equitable tolling have been found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum. *Urcinoli v. Cathel*, 546 F. 3d 269, 272 (3d Cir. 2008); *Jones*, 195 F.3d at 159. The Third Circuit Court of Appeals also has emphasized that equitable tolling should be applied sparingly. *See Lacava*, 398 F. 3d at 275; *Schlueter v.*

*Varner*, 384 F.3d 69, 75 – 76 (3d Cir. 2004). Nonetheless, even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

The Supreme Court has also recognized that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of "a procedural bar … or … expiration of the statute of limitations." *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). But actual innocence claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995). "[T]he fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir. 2017) (citing *McQuiggin*, 569 U.S. at 386, 133 S.Ct. at 1928). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Swenger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002). To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice

that would allow a habeas court to reach the merits of a barred claim." *Id*. at 316, 115 S.Ct. at 861.

### B. Mr. Frehafer's Petition is Time-Barred

Mr. Frehafer's judgment of sentence became "final" on November 4, 2009, when his time for filing a direct appeal to the Superior Court of Appeals expired. *See* 42 PA. CONS. STAT. § 9545(b)(3); Pa. R. App. P. 903(a); Pa. R. Crim. P. 720(A)(3). Petitioner had one year from that date, or until November 4, 2010, to file a § 2254 petition. Mr. Frehafer's instant habeas petition, filed December 8, 2015, exceeded the 1 year filing limitation by 5 years, 1 month and 4 days. Consequently, unless his Petition is subject to statutory, equitable or other tolling, it is time-barred.

Unfortunately, Mr. Frehafer's November 28, 2012 PCRA petition provides no statutory tolling benefit as it was filed after the AEDPA's one-year limitation period expired. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (holding a PCRA petition filed after the expiration of the federal limitations period does not toll the AEDPA statute of limitations). Additionally, the state court ruled that Mr. Frehafer's PCRA petition was untimely. As such, it was not "properly filed" within the meaning of the AEDPA statute. *Pace,* 544 U.S. at 417, 125 S.Ct. at 1814. Thus, the Court must determine whether Mr. Fehafer's federal limitations period for filing his petition is subject to equitable tolling.

Mr. Frehafer does not argue that his Petition is subject to equitable tolling. Nonetheless, because Petitioner proceeds *pro se,* the Court will consider whether the principles of equitable tolling apply in his case. Petitioner unsuccessfully argued

in his PCRA petition that due to his 7th grade education and restricted housing placement within the Pennsylvania Department of Corrections, he was unable to pursue a timely PCRA until he arrived at SCI-Coal Township. (ECF No. 2, pp. 10 - 13.) "[A]s soon as he met a competent paralegal and learned of his ability to make this Post Conviction Collateral Relief Act Filing upon his arrival at SCI Coal Township, he filed" his PCRA petition. (*Id.* at p. 10.) Based on these averments, the Court does not find the government (or prison officials) impeded his ability to file a timely § 2254 petition. As noted above, the obligation to exercise reasonable diligence applies to petitioner's filing of both his state court petition and federal habeas petition. *See LaCava*, 698 F.3d at 277. It is also well-settled that a prisoner's lack of legal knowledge or limited education does not amount to an extraordinary circumstance for equitable tolling purposes. *Id*. at 276 (reiterating that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citation omitted). There is no evidence before the Court to suggest Mr. Frehafer ever attempted to file his habeas petition earlier or that he could not have filed it on time. Accordingly, equitable tolling does not apply in the instant case.

The final way Mr. Frehafer could avoid the bar of the statute of limitations also provides no relief for Petitioner. Mr. Frehafer does not rely on "new evidence" demonstrating his innocence in his Petition, rather he simply argues the discovery of his appellate rights once he arrived at SCI-Coal Township. The arguments presented in his habeas petition assert reasons to vacate his conviction. As

previously noted, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). Based on the record before the Court, Mr. Frehafer has not made, nor does the record support, a claim of actual innocence.

**IV.     Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims of that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

Based on the analysis of this memorandum, the Court will deny issuance of a certificate of appealability. However, Petitioner is advised that he has the right for thirty (30) days to appeal the court's Order denying his habeas petition, *see* 8 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the United States Court of Appeals for the Third Circuit. *See* Fed. R. App. P. 22(b); Local Rule of Appellate Procedure 22.1.

**V.     Conclusion**

Mr. Frehafer's habeas petition is untimely as he has not demonstrated that he is entitled to statutory or equitable tolling of, or an equitable exception to, the AEDPA's one-year limitation period.  As a result, Mr. Frehafer's petition for writ of habeas corpus will be denied as time-barred.  A certificate of appealability will not issue.

An appropriate Order follows.


**Date:  February 6, 2018**                        /s/ A. Richard Caputo
                                                       **A. RICHARD CAPUTO**
                                                     **United States District Judge**